UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MATRICE DANIELLE WALKER** | : | **DOCKET NO. 19-cv-0331** |
| **REG. # 12204-003** | | **SECTION P** |
| **VERSUS** | : | **JUDGE SUMMERHAYS** |
| **WARDEN MYERS** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Matrice Danielle Walker. Walker is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

### I.
#### BACKGROUND

Walker challenges the BOP's calculation of his good conduct time, alleging that he is entitled to an extra seven days of credit per year due to changes in the law prompted by the First Step Act of 2018, PL 115-391, 132 Stat. 5194 (Dec. 21, 2018). Doc. 4. In his original, deficient petition he admitted that he had not exhausted his administrative remedies but maintains that he is not required to do so because it will prejudice him. Doc. 1. He argues that the BOP is delaying by deferring to the Attorney General to create a "risk assessment" before determining whether offenders are entitled to this credit. *Id.*

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court thus has no authority to designate or calculate credit for time spent in jail prior to the commencement of a federal sentence. *See, e.g.*, *Wilson*, 112 S.Ct. at 1353–54. A district court may review a challenge to the BOP's refusal to grant

credit for time served or make a nunc pro tunc designation through a § 2241 petition, but only after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

Exceptions to the exhaustion requirement apply only in extraordinary circumstances, and a § 2241 petition should be dismissed without prejudice when the petitioner fails to exhaust his administrative remedies.[1] *Castano v. Everhart*, 235 Fed. App'x 206, 207–08 (5th Cir. 2007); *see also Pierce*, 614 F.3d at 160 (district court did not have jurisdiction to rule on § 2241 petition before BOP had made determination of petitioner's sentencing credit). Exhaustion means "proper exhaustion," including compliance with all administrative deadlines and procedures. *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006).

As a challenge to the calculation of his earned good conduct time, Walker's request for relief is properly before the court under § 2241, though subject to dismissal as unexhausted. Even assuming, however, that Walker could show an exception to the exhaustion requirement, he cannot prevail on his petition. He relies on § 102(b)(1) of the First Step Act, which amends 18 U.S.C. § 3624(b) in order to allow federal inmates to earn up to 54 days of good conduct time per year, as opposed to 47 days previously allowed. Under the Act, however, this section does not take effect until after the Attorney General completes a "risk and needs assessment" as required under § 101(a). This section does not require completion until 210 days after the Act's December 2018 passage, which places the assessment's due date at some point in July 2019. *See* 18 U.S.C. §

---

[1] The Supreme Court holds that failure to exhaust must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 127 S.Ct. 910 (2007). However, the PLRA does not apply to federal habeas proceedings and nothing in *Jones* prohibits the sua sponte dismissal of a § 2241 petition of exhaustion grounds. *See, e.g.*, *Callahan v. Young*, 2013 WL 3346842 at *2 n. 2 (W.D. La. Jul. 2, 2013); *accord Wy v. Berkebile*, 2008 WL 5262711 at *2 n. 2 (N.D. Tex. Dec. 17, 2008) (citing *Korobov v. Angeli*, 2008 WL 2787874 at *1 (M.D. Pa. Jul. 17, 2008)).

3632(a). Accordingly, Walker can show no error based on the BOP's delay in adjusting his good conduct time.

## III.
### CONCLUSION

For the reasons stated above, Walker's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the claim relating to notice of the charges be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 5th day of April, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE